# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Henry H. Taylor, Respondent.

Appellate Case No. 2017-001913

Opinion No. 27750
Submitted November 2, 2017 – Filed November 15, 2017

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and William
C. Campbell, Senior Assistant Disciplinary Counsel, of
Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, Bogan Law Firm, of Columbia for
Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary
Counsel and Respondent have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition or public reprimand.  We accept the
Agreement and issue a public reprimand.  The facts, as set forth in the Agreement,
are as follows.

### Facts and Law

Police Chief (Chief) worked a motor vehicle accident with significant injuries and
developed a relationship with the victim's family (Family).  Chief suggested the
Family contact Respondent for representation.  Respondent maintains there was
never any initial agreement between himself, Chief, or any third party for the
payment of a referral fee.  Respondent learned of the Family's potential case

through the brother (Brother) of his long-standing business partner (Partner). Respondent told Brother he could not approach the Family directly. He believes Brother conveyed this information to Chief, who then recommended Respondent to the Family. After obtaining a favorable settlement for the Family, Respondent charged Family a fee below the prevailing rate. After the case, Partner approached Respondent, asking him to pay Brother and Chief for the referral. Respondent wrote two checks, one for $48,500 and one for $20,000, from his personal account. He initially characterized the checks as loans to Partner, although now he admits the payments were for Chief's efforts in putting him in contact with the Family.

Respondent admits his conduct violated Rule 5.4 (except under limited circumstances, a lawyer or law firm shall not share legal fees with a nonlawyer) and Rule 8.4(e) (it is professional misconduct to engage in conduct that is prejudicial to the administration of justice) of the Rules of Professional Conduct contained in Rule 407, SCACR.

Respondent admits these violations constitute grounds for discipline under Rule 7(a), RLDE, Rule 413, SCACR (it is a ground for discipline for a lawyer to violate the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct.

Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct within thirty (30) days of the date of this order. Furthermore, Lawyer shall complete the Legal Ethics and Practice Program Ethics School within six (6) months of the date of this order.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**